Filed 6/12/24; certified for publication 7/2/24 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062801 |
| v. | (Super. Ct. No. 18NF0718) |
| JOSUE RAMOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Josue Ramos pled guilty to aiding and abetting attempted murder, carjacking, and criminal street gang activity. In 2023, he filed a petition for resentencing of his attempted murder conviction, which the trial court denied at the prima facie stage of review. The trial court concluded Ramos was statutorily ineligible because he admitted to aiding and abetting the attempted murder with specific intent to kill. Ramos appealed, arguing the factual admissions in his guilty plea did not conclusively establish he was statutorily ineligible for resentencing relief. Following a de novo review of the record, we conclude Ramos has not made a prima facie case for resentencing relief under Penal Code section 1172.6.[1] Accordingly, we affirm.

## FACTS

I.  *Charging Document and Plea*

On March 14, 2018, the Orange County District Attorney filed a felony complaint against Ramos and two codefendants, charging them with premeditated attempted murder (count 1), carjacking (count 2), and street terrorism (count 3). It was further alleged that the attempted murder and carjacking were committed for the benefit of, at the direction of, and in association with a criminal street gang, Folks.

On December 10, 2018, Ramos pleaded guilty to the three counts in the felony complaint and the gang enhancement. As the factual basis for his plea, he admitted that on October 10, 2017, "I aided/abetted, with the specific intent to kill, the attempt to kill John

---

[1]     All further statutory references are to the Penal Code, unless otherwise stated.

2

Doe, a human being [and] also the felonious and unlawful taking by means of force, a motor vehicle against the will of and from the immediate presence of John Doe, who was the driver, with[] the intent to temporarily deprive him of possession.  I committed the crime in count 1 for the benefit of [and] in association with 'Folks,' a criminal street gang per [section] 186.22(a) with the intent to further criminal conduct by members of that gang while an active participant/member of Folks and with knowledge of its primary activities."

The trial court sentenced Ramos to 15 years, eight months in state prison.

II.     *Petition for Resentencing Relief*

On January 17, 2023, appellant filed a form petition for resentencing of his attempted murder conviction.  In his petition, he stated that (1) he was charged with attempted murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

In response, the district attorney requested the trial court deny the petition at a prima facie hearing.  The district attorney argued Ramos did not plead guilty to attempted murder under the natural and probable consequences doctrine because (1) he pleaded guilty as a direct aider and abettor with intent to kill, (2) his admission of having an intent to kill is inconsistent with the natural and probable consequences doctrine, and (3) his plea is distinguishable from "no contest" pleas

3

because it showed how and in what manner Ramos committed the attempted murder.

In reply, Ramos argued his admission of a specific intent to kill, which is part of the generic language of attempted murder, does not legally foreclose his prosecution under a natural and probable consequences theory.

Following the prima facie hearing, the trial court denied the resentencing petition without an order to show cause. It concluded Ramos was ineligible for resentencing relief based on "[h]is express admission to aiding and abetting an attempted murder *with the specific intent to kill . . . .*"

On June 21, 2023, Ramos timely noticed an appeal from the postjudgment order denying his resentencing petition.

## DISCUSSION

Section 1172.6, subdivision (a) provides in relevant part that a "person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." The petitioner has the burden

4

of making a prima facie case for relief. The prima facie stage bar is "'very low,'" but not nonexistent. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211-1212.) We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).)

Here, Ramos satisfied the first prong of the prima facie case because the felony complaint generically charged Ramos with premeditated attempted murder. At the time Ramos was charged, under the natural and probable consequences doctrine, an aider and abettor could be found guilty of premeditated attempted murder, even if the aider and abettor did not personally act with premeditation and deliberation, as long as the direct perpetrator acted with premeditation and deliberation. (*People v. Favor* (2012) 54 Cal.4th 868, 880.) Thus, "the generic [attempted] murder charge allowed the prosecution to

5

proceed on any theory of liability, including natural and probable consequences . . . ." (*Eynon*, *supra*, 68 Cal.App.5th at p. 978.)

As to the second prong, Ramos accepted a plea in lieu of going to trial at which he could have been convicted of attempted murder under the natural and probable consequences doctrine. Thus, he satisfied this element of the prima facie case.

The third and final prong of the prima facie case requires that Ramos "could not presently be convicted of . . . attempted murder because of changes to section 188 or 189 made effective January 1, 2019." (§ 1172.6 (a)(3).) Although attempted murder under the natural and probable consequences doctrine no longer exists due to recent changes in sections 188 and 189, "[d]irect aiding and abetting remains a valid theory of attempted murder . . . ." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) As we explain, because Ramos admitted he "aided/abetted, with the specific intent to kill, the attempt to kill John Doe, a human being," Ramos is statutorily ineligible for resentencing relief.

"A person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164, citing *People v. Beeman* (1984) 35 Cal.3d 547, 561.) "'[U]nder direct aiding and abetting principles, an accomplice is guilty of an offense perpetrated by another [e.g., murder] if the accomplice aids the commission of that offense with "knowledge of the direct perpetrator's unlawful intent and [with] an

6

intent to assist in achieving those unlawful ends.'"'" (*People v. Curiel* (2023) 15 Cal.5th 433, 463, internal citation omitted (*Curiel*).)

"[T]he phrase 'aid and abet' represents a legal theory. Each term therein performs a function necessary to justify the imposition of criminal liability. 'Aid' requires some conduct by which one becomes 'concerned in the commission of a crime' ( § 31), whether it be to aid (i.e., assist or supplement), promote, encourage, or instigate. (See *People v. Nguyen* [(1993)] 21 Cal.App.4th [518,] 529.) 'Abet,' on the other hand, requires that this conduct be accompanied by the requisite criminal state of mind, i.e., knowledge of the perpetrator's unlawful purpose and with the intent that it be facilitated. (*People v. Beeman*, *supra*, 35 Cal.3d at pp. 560-561.)" (*People v. Campbell* (1994) 25 Cal.App.4th 402, 413-414 (*Campbell*).)

Here, the factual admissions in Ramos's guilty plea embody all the elements of direct aiding and abetting liability for attempted murder. First, he admitted he had the specific intent to kill. Second, his admission he provided "aid[ ]" establishes he "assist[ed]" in achieving the attempt to kill. Third, his admission he "[]abetted" the attempt to kill establishes he acted with "knowledge of the perpetrator's unlawful purpose [vis-a-vis the attempted killing] and with the intent that it be facilitated." (*Campbell, supra*, 25 Cal.App.4th at pp. 413-414.) Combined, these admissions show as a matter of law Ramos committed the necessary actus reus and had the requisite mental state for aiding and abetting liability because he had "'knowledge of the direct perpetrator's unlawful intent'" and his aiding was committed with "an intent to assist in achieving [the attempted murder]." (*Curiel, supra*, 15

7

Cal.5th at p. 463.) Accordingly, Ramos was statutorily ineligible for resentencing relief on his attempted murder conviction.

Relying on *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*), and *Eynon*, *supra*, 68 Cal.App.5th 967, Ramos contends he is not precluded from resentencing relief because the factual admissions in his guilty plea only mirror the language in the attempted murder statute. *Rivera* and *Eynon* are inapposite. In *Eynon*, the petitioner pleaded guilty to first degree murder. "As a factual basis for the guilty plea, Eynon admitted that he did 'what Count 1 of th[e] Information says [he] did, when it says [he] did it.'" (*Enyon, supra*, 68 Cal.App.5th at p.91.) He further admitted 'that this was a first-degree murder by virtue of being a felony murder[,] that being murder that occurred during the commission of a robbery.'" (*Id.* atp. 972.) The appellate court concluded the petitioner was not categorically excluded from resentencing relief. It reasoned: "Although he admitted that he was liable for a murder committed with malice, deliberation, and premeditation, he did not admit that he *acted with* malice, deliberation, or premeditation. And although he admitted that he was liable for a murder committed in the course of a robbery, he did not admit that he was the actual killer, acted with intent to kill, or was a major participant in the robbery and acted with reckless indifference to human life." (*Id.* at p. 979.) Here, in contrast, Ramos admitted everything necessary for direct aider and abettor liability.

In *Rivera*, the petitioner had pleaded "no contest" to "willfully, unlawfully[,] and with malice aforethought murder[ing]" the victim. *(Rivera, supra*, 62 Cal.App.5th at p. 225.) His trial counsel "'stipulate[d] to a factual basis' for the plea . . . based on the transcript

8

of the grand jury proceedings." (*Rivera*, at pp. 225-226, fn. omitted.) The appellate court concluded the petitioner was not ineligible for resentencing relief at the prima facie stage because he "made no admissions related to the murder other than pleading no contest to the count as charged," (*Id.* at p. 234), and "did not admit to the truth of any of the evidence presented to the grand jury." (*Id.* at p. 235.) The court, however, stated that "[i]n some cases, the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief . . . ." (*Id.* at p. 234.) That is the case here. Ramos pleaded to a specific theory of liability for attempted murder, and that theory of liability remains valid under the amended murder statutes.

In sum, the trial court properly denied Ramos's petition for resentencing of his attempted murder conviction because the record of conviction conclusively refutes his claim that he could not be convicted of attempted murder under a valid theory of liability. (See *Curiel, supr*a, 15 Cal.5th at p. 463 ["At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record."].) Ramos's admission he "aided/abetted, with the specific intent to kill, the attempt to kill John Doe" conclusively establishes all of the elements for attempted murder under a direct aiding and abetting theory of liability. Thus, the trial court did not err in summarily denying his resentencing petition.

## DISPOSITION

The postjudgment order denying Ramos's petition for resentencing is affirmed.


DELANEY, J.


WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062801 |
| v. | (Super. Ct. No. 18NF0718) |
| JOSUE RAMOS, | O R D E R |
| Defendant and Appellant. | |

Respondent has requested that our opinion, filed on June 12, 2024, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.